# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2022

Lyle W. Cayce
Clerk

No. 21-60736
Summary Calendar

BIANCA IANELLY ZAVALA-SALGADO;
BLANCA LUCIA IZAGUIRRE-ZAVALA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A 202 137 758
Agency No. A 202 137 759

Before SMITH, DENNIS, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:*

Bianca Zavala-Salgado and her minor daughter, natives and citizens of
Honduras, petition for review of a decision of the Board of Immigration

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Appeals upholding the denial of relief from removal.  Zavala-Salgado contends that she qualifies for asylum and withholding of removal because she was harassed and mistreated at work on account of her political beliefs and activities.  She also describes two other incidents, but they are not linked to her political beliefs—the protected ground here—so we do not consider them.  *See* 8 U.S.C. § 1101(a)(42)(A).  Finally, she asserts that the harm she described and the conditions in Honduras indicate she will be tortured in the future.

We review the Board's decision and consider the ruling of the immigration judge only to the extent it influenced the Board.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Factual findings are reviewed for substantial evidence, legal determinations *de novo*.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result.  *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

We are not compelled to find that Zavala-Salgado has proven the elements of her asylum claims of past or future persecution.  The harm described is not similar to extreme conduct.  *See Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004); *see also Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).  We are also not compelled to find that Zavala-Salgado has proven she will be persecuted or that members of her political party face widespread persecution in Honduras.  Additionally, we note that she has not materially challenged the immigration judge's finding that she could safely relocate to escape any future harm.  *Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).  Because withholding requires a higher standard than does asylum, these claims necessarily fail where asylum is not proven.  *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

We are not compelled to find that Zavala-Salgado has proven she will,

No. 21-60736

more likely than not, be tortured upon removal. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). The description of harm does not indicate she will be tortured, and the record reflects that the state has not acted to harm her.

DENIED.